TOWN OF LEXINGTON *vs.* DAVID H. GOVENAR.

Middlesex.    May 13, 14, 1936. — June 30, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Zoning. Lexington. Equity Jurisdiction,* To enforce zoning by-law. *Constitutional Law,* Police power, Equal protection of the law, Zoning. *Attorney at Law.*

An attorney's placing a sign advertising his name and profession in front of his house in a residential district was a violation of the zoning by-law of the town of Lexington, though his office was elsewhere and he maintained no real office at his home; and maintenance of the sign properly was enjoined.

Under G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1, a zoning by-law of the town of Lexington forbidding, with exceptions, professional signs for advertising purposes within a residential district was nondiscriminatory and valid.

BILL IN EQUITY, filed in the Superior Court on September 23, 1935.

The suit was heard by *Williams,* J.  From a final decree entered by his order the defendant appealed.

*D. H. Govenar,* pro se.

*S. R. Wrightington,* for the plaintiff.

CROSBY, J.  This is a suit in equity brought by the town of Lexington against David H. Govenar, who resides on certain premises in said town, to enjoin the maintenance of a sign and the use of his residence as a professional office for the practice of law.

The bill alleges that the plaintiff has duly adopted a zoning by-law whereby in R.1 districts, mainly confined to single family residences, only the following signs are per-

mitted: "Real estate signs of not over six square feet in area advertising the sale or rental of only the premises on which they are located, and bulletin boards, and/or signs accessory to uses specified in paragraphs 3, 4, and 6 under R.1 districts; but in single sub-divisions large signs may be erected but subject to the provisions of Section 9"; that professional offices, except those of physicians, are not permitted, but professional offices are permitted in C.1 districts; that the defendant is a member of the bar, having an office for the practice of law at 24 School Street, Boston, and residing at 282 Massachusetts Avenue in Lexington; that the premises where he resides are in an R.1 district; that the defendant has erected on a tree in front of 282 Massachusetts Avenue a sign about ten inches by twenty inches, attached to the tree by an iron bracket, about five feet from his front steps, on which are printed on both sides the following words: "David H. Govenar, Attorney at Law, Notary Public"; that the "plaintiff is informed and believes and therefore alleges that the defendant is practising his profession of attorney at law and maintaining an office therefor in his said residence at 282 Massachusetts Avenue, Lexington, and that the sign in question is for the purpose of soliciting clients to come to his said premises for business or professional purposes." A copy of the pertinent provisions of the by-law is annexed to the bill.

The defendant in his answer admits the allegations of the bill as to the adoption and terms of the by-law and as to his being a member of the bar with an office in Boston and a residence in Lexington; admits that his residence is in an R.1 district; admits that he erected the sign in the location and with the printing described in the bill, but alleges that the dimensions of the sign are somewhat less than those stated in the bill; denies that he is maintaining an office for the practice of law in his residence; admits that clients have come to his home for advice, but alleges that "the actual work of his law office is as set forth in" paragraph 2 of the bill, which contains the allegations that he has a law office in Boston; denies that the sign is for the purpose of soliciting clients to come to his house for business or professional

purposes, and alleges that it is for the purpose of identifying his residence. It is further pleaded in the answer that even if the allegations of the bill on information and belief are true the plaintiff has no cause of action either in law or in equity, and that the defendant's residence in an R.1 district does not constitute a violation of the zoning by-law.

The trial judge found that "In 1929 the town of Lexington adopted a zoning by-law . . . which, with certain amendments not material to this case, has remained in force until the present time"; that under this by-law, and in accordance with a zoning map annexed to it, certain single family house districts called R.1 have been set off; that in one of these R.1 districts on Massachusetts Avenue and near the Arlington line the defendant resides in a single family house; that he is a lawyer with an office in Boston; that he has erected and maintained on a tree in front of his house a sign ten inches by twenty inches in size on which are printed the words "David H. Govenar Attorney at Law Notary Public"; that the defendant maintained no real office at his home, but, as is customary among lawyers, saw at his home such clients as desired to consult him there; that the sign was maintained by him for advertising purposes and to solicit the patronage of clients; that there was nothing improper in this form of solicitation; that § 4 of said zoning law, however, restricts residents in the R.1 districts to certain designated uses of property therein located. The judge found and ruled that the maintenance of the sign was and is a violation of the by-law; and that such use as the defendant has made of his dwelling house to see and consult with clients has not been a violation of said zoning law. The judge directed that a final decree be entered ordering the defendant to remove the sign, and enjoining him from erecting and maintaining another of like or similar description. A final decree was entered accordingly from which the defendant appealed.

Upon the record the only questions open for our consideration are whether the final decree was within the scope of the bill and was supported by the facts found. In this connection see *Seager* v. *Dauphinee*, 284 Mass. 96, 98; *Karas*

v. *Karas*, 288 Mass. 460, 462; *Economy Grocery Stores Corp.*
v. *McMenamy*, 290 Mass. 549; *Wyness* v. *Crowley*, 292
Mass. 459, 461.

The finding that the defendant maintained no real office
in his home is not incompatible with a finding that the sign
was maintained for advertising purposes and that the de-
fendant saw at his house such clients as desired to consult
him there. A sign might be erected to attract clients to
certain premises and clients so attracted might be consulted
there, without the existence of an office on the premises.
So far as the maintenance of the sign is concerned, it is
plain that the premises were being used contrary to the
zoning law. Under this law premises in an R.1 district
could be used only in certain ways and signs could be
erected only in connection with such uses and to advertise
the sale or rental of the premises. Under this zoning law
an intention is manifest to restrict various types of offices
and signs placed upon them. A sign of the type erected
by the defendant on his premises, although no real office
exists thereon, manifestly defeats this intention. It was
a use of the premises in a business manner contrary to the
uses intended to be permitted in the R.1 district. It fol-
lows that the maintenance of the sign for advertising pur-
poses was a violation of the zoning law. The order that
the sign be removed was within the scope of the allegations
and prayers of the bill. The suit was an appropriate method
of enforcing the zoning by-law. G. L. (Ter. Ed.) c. 40, as
amended by St. 1933, c. 269, § 1 (inserting a new § 30A
in G. L. [Ter. Ed.] c. 40). In this connection see *Lexing-
ton* v. *Bean*, 272 Mass. 547.

The remaining question relates to the validity of the
zoning law, which was passed pursuant to the provisions
of G. L. c. 40, § 25. It was held by this court in the cases
of *Inspector of Buildings of Lowell* v. *Stoklosa*, 250 Mass.
52, and *Spector* v. *Building Inspector of Milton*, 250 Mass.
63, that the statute is constitutional. But this court will
not enforce a plainly invalid exercise of the power conferred
thereunder. *Whiteside* v. *Merchants National Bank of Bos-
ton*, 284 Mass. 165. On the allegations of the bill it cannot

be held that the division of the town into residential and business areas by the zoning by-law is unreasonably discriminatory. It was said in *Inspector of Buildings of Lowell* v. *Stoklosa*, 250 Mass. 52, at page 61: "Every such division may injure somebody; but if it appears to have been made in the public interest and to be reasonable in its general features and there is nothing outside the ordinance to indicate that its purpose was to persecute or abuse, it will not be stricken down merely because a particular individual may think himself aggrieved or may be in truth injured." See also *Spector* v. *Building Inspector of Milton*, 250 Mass. 63; *Lexington* v. *Bean*, 272 Mass. 547. Although certain uses, other than for residences, churches, libraries, farms and truck gardens are allowed in the R.1 districts, these other uses are only permitted "Subject to the provisions of Section 9" of the zoning by-law. That section provides: "When in its judgment the public convenience and welfare will be substantially served, and where such exception will not tend to impair the status of the neighborhood, the Board of Appeals may in a specific case, upon written petition, a hearing of which fourteen days' public notice as provided for in Section 17 shall have been given, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations here established in harmony with their general purposes and intent as follows: — (a) Permit any uses referred to this section by other sections hereof." In view of these requirements as to the condition under which these other uses are permitted in the R.1 district, it cannot be said that the classifications in the by-law are an unreasonable exercise of power having no rational relation to the public safety, public health, or public morals. The uses in the R.1 district other than those of a strictly residential nature are permitted only in keeping with the purposes and intent of the general division into business and residential districts. The general exclusion of business and professional offices from the residential area, and the permitting of uses in the R.1 district in certain specified cases, which are not inconsistent with, and do not impair, the general status of the neighborhood, plainly cannot be

held to be arbitrary and unreasonable. A classification having some reasonable basis does not offend against the equal protection clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. *Lindsley* v. *Natural Carbonic Gas Co.* 220 U. S. 61, 78. Construction of the zoning by-laws to prohibit the erection of a professional sign for advertising purposes in the R.1 district would seem proper, and violative of no rights of the defendant. Under G. L. (Ter. Ed.) c. 40, § 25, "the city or town may be divided into districts or zones, and the construction and use of buildings and structures and the use of premises in each district or zone may be regulated as above provided." This language is broad enough to include a regulation as to the erection of a professional sign on residential premises for advertising purposes. The statute further provides that "The provisions of this section shall be carried out in such manner as will best promote the health, safety, convenience and welfare of the inhabitants, will lessen the danger from fire, will tend to improve and beautify the city or town, will harmonize with its natural development, and will assist the carrying out of any scheme for municipal improvement put forth by any municipal planning board or board of survey or other like authority." This purpose is being carried out by prohibiting an advertising sign in a residential district. If one were permitted, it might be but a short time before the area would be covered with signs of various sizes, colors and shapes. The flow of business and professional clients to homes would doubtless be considerably increased if openly solicited in this manner. Even if no real offices were maintained in homes the essential character of the neighborhood might soon be changed from a residential district to one of profession and business. Doubtless aesthetic considerations play a large part in determining that advertising signs should not be permitted in such an area — these would seem sufficient to exclude such a use. The beauty of a residential neighborhood is for the comfort and happiness of the residents and it tends to sustain the value of property in the neighborhood. It is a matter

of general welfare like other conditions that add to the attractiveness of a community and the value of residences there located. See *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 184, *et seq.*; *Ware* v. *Wichita*, 113 Kans. 153, 159, 160; *State v. New Orleans*, 154 La. 271, 284; *State* v. *Harper*, 182 Wis. 148, 157, 159.

The maintenance of the sign by the defendant on his house lot is a violation of § 4 of the zoning law. The final decree ordering the defendant to remove the sign in front of his residence, and enjoining him from erecting or maintaining upon his premises another sign of like or similar description, must be affirmed.

*Ordered accordingly.*