BOARD OF PUBLIC WORKS OF MILLIS *vs.* NATHAN ARON
& another, trustees.

Norfolk. November 10, 1977. — January 13, 1978.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Municipal Corporations,* Water rates.

Where a town's board of public works had published water use charges of $36 a year for residential consumers and $36 a year with an increment for each 1000 gallons used over 40,000 gallons for commercial/industrial users, it was improper for the board to apply the commercial rate to an apartment complex while basing the charges on the number of apartments. [247-249]

APPEALS from decisions of the Appellate Tax Board.

*Harvey Weiner,* Town Counsel, for the Board of Public Works of the town of Millis.

*Charlotte Anne Perretta (Alan H. Okstein* with her) for the defendants.

ABRAMS, J. By its consolidated appeal the board of public works of Millis (appellant) seeks to have this court reverse two decisions of the Appellate Tax Board granting abatements of water use charges to the appellees. We affirm the decisions of the Appellate Tax Board.

The facts as stipulated below are as follows. The appellees own an apartment complex located in Millis. The appellant board possesses all the powers and duties of water commissioners as a result of a 1970 town meeting vote which

accepted the provisions of G. L. c. 41, §§ 69C-69F. In 1973 and 1974, the years here relevant, the appellant's published rates contained two categories: residential and commercial/ industrial. The residential rate was a flat rate of $36 a year; the commercial/industrial rate consisted of a minimum charge of $36 a year for an amount not exceeding 40,000 gallons, and a charge per thousand for all gallons over 40,000. All water consumers, whether residential or commercial, are billed on a per apartment or per unit basis.

The appellees' apartment complex consists of nine buildings containing 202 apartments. Each building apparently has a single water pipe which provides for distribution of water to the separate apartments. The appellees' buildings were classified as commercial/industrial, a classification which they concede is correct. In 1973 and 1974, the appellees' nine buildings were assessed at a rate of $36 an apartment for each year plus a charge for gallons in excess of 40,000 for each apartment. The appellees requested that the appellant abate the water charges. The appellant denied the request for abatements, and the appellees appealed to the Appellate Tax Board. The Appellate Tax Board found for the appellees and concluded that the standard commercial/industrial rate should be applied to them.

In its opinion the board found that the appellant "arbitrarily contrived this third water rate without officially promulgating it as an accepted and approved water rate for the Town of Millis. The result is an inherent discrimination against the owners of apartment buildings as compared to other industrial and commercial consumers in Millis."

The appellant challenges the board's decision on the grounds: (1) that the rate charged the appellees was a published rate; (2) that the water rate charged appellees was not discriminatory; and (3) that water commissioners are free to create or alter rates as they see fit as long as the rates are not unjustly or unreasonably discriminatory.

Contrary to the appellant's first contention, there was no publication of a rate which consisted of both a flat rate for a living unit of a building *plus* an additional charge for excess

gallons for each living unit. The only published rates provided that residential consumers are to be charged a flat rate and that commercial/industrial users are to be charged a flat rate plus an additional charge.

The appellant next contends that since there can be more than one unit in a commercial/industrial building and since each unit can be billed on a unit basis, assessing the charges of the apartment complex, which is a commercial/industrial building, on a per apartment basis was not a discriminatory application of the water rate. This assertion is theoretically correct. However, while every unit in a commercial/industrial unit would pay the commercial/industrial rate, in the present case residential units were being charged the commercial/industrial rate. Thus, the charges billed were at a rate higher than that charged for the type of consumption actually used. To require apartment owners to pay the commercial/industrial rate on an apartment unit basis requires them to pay at a rater higher than that charged other residential users.[1] Moreover, if apartment owners were required to pay at such a rate, they would be paying a higher rate than other commercial/indutrial users. While other commercial/industrial consumers pay the commercial/industrial rate for commercial/industrial units, apartment owners pay that rate for residential units. Thus, the application of the flat and metered rate to apartment residences is, in effect, the establishment of a discriminatory rate.

Finally, the appellant argues that it is free to alter rates as it sees fit as long as the rate is not discriminatory. The short answer to this contention is that the application of this third rate to the appellees was unfairly discriminatory. Further, the published rate is the only rate which may be assessed until a new rate is adopted through proper procedures. The best assurance of fairness to both ratepayers and water commissioners is strict adherence to procedural guidelines for

---

[1] We think it a fair inference that water charges, like other costs of housing, are ultimately paid by the residents. Thus, apartment dwellers would be paying higher rates than other residential consumers.

the establishment of rates. See *Suburban Water Co.* v. *Oak-mont Borough,* 268 Pa. 243, 249-250 (1920).

Thus, the decisions of the Appellate Tax Board are affirmed.

*So ordered.*