BOARD OF PUBLIC WORKS OF MILLIS *vs.* NATHAN ARON
& another, trustees.

Suffolk.  October 8, 1982. — January 5, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Municipal Corporations,* Water rates.

It was improper for a town to assess the owners of a residential apart-
ment complex at the industrial/commercial rate for water consump-
tion plus an additional charge of $45 per year per apartment, where
the owners of single family houses were charged a flat rate of $45 a
year, and the Appellate Tax Board, on appeal, correctly declared in-
valid that portion of the rate which imposed a per apartment charge.
[831-832]

APPEAL from a decision of the Appellate Tax Board.

The case was submitted on briefs.

*Harvey Weiner,* Town Counsel, *& Allen N. David* for the
plaintiff.

*Margot Botsford, S. Stephen Rosenfeld & Alan H. Ok-
stein* for the defendants.

NOLAN, J.  The issue in this case is whether the water rate
charged by the board of public works of Millis (Millis) to the
defendants was discriminatory.  The Appellate Tax Board
(board) concluded that the rate was discriminatory and or-
dered an abatement.

In *Board of Pub. Works of Millis* v. *Aron,* 374 Mass. 246
(1978) (*Aron I*), we held that the water rate assessed by
Millis against the defendants for the years 1973 and 1974,
was invalid because it was (1) unpublished, (2) discrimina-
tory against apartment building owners who were assessed
at a commercial/industrial rate for residential consumption
plus an additional charge per apartment, and (3) not
adopted in accordance with procedural guidelines.  *Id.* at

247-249.  Presumably pursuant to proper procedures, Millis adopted and published new water rates for the period commencing July 1, 1976, which assessed an industrial/commercial consumer (such as Aron) at a rate of $45 per year per apartment plus an additional $.50 per 1,000 gallons for consumption over 40,000 gallons.  Occupants of single family homes were charged a flat rate of $45 a year.  As such, the new water rate is, except for a $9 increase in the base cost to $45, identical to the rate which we held to be invalid in *Aron I.*  See *id.* at 248 (commercial consumers such as the defendants assessed at commercial rate for residential consumption).  Although it corrected the procedural and publication defects inherent in the rate invalidated in *Aron I*, Millis did nothing to correct the discriminatory impact upon apartment building owners and, in turn, upon apartment dwellers, which was inherent in the invalidated rate. We see nothing in this record to persuade us that our holding in *Aron I* is not dispositive of this litigation.

Here, the board, on the basis of our holding in *Aron I,* held that the new rates discriminated against persons in the position of the defendants, and ordered an abatement.  The board was not required to credit the testimony of the witness called by Millis who maintained on the basis of a study that he conducted that apartment dwellers consume more water than residents of single family homes.  *Assessors of Quincy* v. *Boston Consol. Gas Co.,* 309 Mass. 60, 72 (1941). The board was correct in deciding that *Aron I* controlled. There is no error.

Additionally, Millis argues that the board erred in ordering an abatement in accordance with its ruling that the defendants were entitled to be assessed at a rate per building in addition to a charge for gallons used in excess of 40,000 gallons per year per building.  Millis urges us to hold that the board should have directed Millis to charge the defendants at a flat residential rate per apartment.  We reject this argument.

The board's action in the case before us is consistent with the action it took in *Aron I.*  In both cases, the board invali-

dated the rate in so far as it purported to charge the defendants a commercial/industrial rate on a per apartment basis. However, Millis asks us to hold that the board should have directed it to reclassify the defendants as residential consumers and to charge them at a flat residential rate per apartment. This we decline to do. The power to classify ratepayers according to water consumption is a matter entrusted to the discretion of local authorities.[1] The board may not encroach upon this area of discretion. In invalidating the discriminatory rate, the board did not purport to exercise this power. Rather, it severed that portion of the rate under which Millis charged the taxpayers a commercial/industrial rate on a per apartment basis. There was no error. The board appropriately restricted its remedy to a removal of the discriminatory provisions but, otherwise, left the classification and rate intact.

Thus, the decision of the Appellate Tax Board is affirmed.

*So ordered.*

---

[1] See generally *Henry B. Byors & Sons* v. *Water Comm'rs of Northborough*, 358 Mass. 354, 358 (1970) (local authorities have broad discretion in determining rates related to use of water).