Gershengorn, J.
This action arises out of a dispute between plaintiff Thomas J. Flatley d/b/a The Flatley Company (Flatley) and the defendant City of Malden (the City, Malden) over the City’s system of water rates. Flatley, which is the owner of a number of apartment buildings in Malden, alleges that the City’s rate system, which bills heavy users at a higher rate than others, and which aggregates all units in an apartment building for purposes of determining billing rates, discriminates against residents of apartment units. The plaintiff now moves for summary judgment, arguing that all facts material to resolution of this matter are undisputed. The defendant requests judgment under Mass.R.Civ.P. 56(c).[1] For the reasons discussed, the plaintiffs motion is DENIED; judgment for the defendant is GRANTED.
BACKGROUND
Based on the affidavits submitted, the court treats the following facts as true for purposes of this summary judgment motion only.
Plaintiff Flatley is a sole proprietorship which owns an apartment complex called Granada Highlands located at 140-252 Kennedy Drive in Malden, Massachusetts. Flatley owns a number of buildings on Kennedy Drive, including thirteen (13) apartment buildings contained in the Granada Highlands complex. Each of these apartment buildings has a single water meter. There are nine hundred nineteen (919) apartment units in the thirteen (13) apartment buildings in the complex. The thirteen (13) buildings at issue are almost exclusively comprised of residential apartment units. However, one building contains an office and health club. In addition, there is a dispute as to whether there may be certain commercial uses in some of the apartment units.[2]
Malden is a political subdivision of the Commonwealth. At all times relevant to this case, Malden’s *614 Public Works Commission has utilized a three-tiered system of water rates in which water and sewer charges are combined and calculated based on water consumption. The first one thousand (1,000) cubic feet of water is billed at a flat rate which varies depending on the size of the user’s meter. Water use beyond that volume becomes incrementally more expensive as use increases. Flatley here challenges the rates as applied to it in the billing periods ending July 1988, February 1989, July 1989, February 1990, July 1990, February 1991, July 1991, February 1992. As of July 1, 1988, the first one thousand (1,000) cubic feet of combined water and sewer use costs twenty-five dollars ($25.00); each hundred (100) cubic feet of use thereafter and up to five thousand (5,000) cubic feet costs two dollars, eight cents ($2.08); each hundred (100) cubic feet between five thousand and one (5,001) cubic feet and seventy-five thousand (75,000) cubic feet costs two dollars, eighty-six cents ($2.86); and each hundred (100) cubic feet over seventy-five thousand (75,000) cubic feet costs three dollars, forty cents ($3.40). The rates adopted as of July 1, 1991 were thirty dollars ($30.00), two dollars, fifty-one cents ($2.51), four dollars, sixty cents ($4.60), and five dollars, fifty-one cents ($5.51).
The City’s regulations dictate that owners of real estate will be metered and billed for water and sewer charges. Therefore, the City bills Flatley, and not its tenants, for the water used in its apartment buildings. Each of Flatley’s apartment buildings has only one water meter, and the City determines the rate at which to charge Flatley for each building's use by looking at the total volume of water used by that building. Because the apartment units in a building Erre aggregated for the purpose of determining the billing rate for that building’s water use, the plaintiff has paid a higher rate for some portion of its water use them that paid by an average single-family residence with consumption comparable to that of an average apartment unit in one of plaintiffs buildings.
There are other municipalities which also charge different water rates based on the volume of use, but which determine the applicable rate at which to charge the owner of an apartment building by dividing the building’s total volume of use by the number of units in that building. The plaintiff alleges that had such a rate system been used by the City during the eight billing periods at issue here, the plaintiffs water bills would have been three hundred eighteen thousand, seven hundred thirty seven dollars, twelve cents ($318,737.12) less than those it actually paid.
The plaintiff has not paid its water bills for the billing periods ending July 1992, February 1993, and July 1993. As of December 22, 1993, Flatley owed to the City two hundred forty-nine thousand, three hundred one dollars, thirty-seven cents ($249,301.37) in water and sewer charges on the nineteen (19) buildings it owns on Kennedy Drive. Flatley intends to challenge these bills pursuant to G.L.c. 40, §§42A-E when the charges appear on its real estate tax bills and are subject to abatement.
DISCUSSION
1. Exhaustion and Ripeness
The City argues that this action is not properly before the court because Flatley has failed to exhaust its administrative remedies. Where a water consumer seeks to challenge water and sewer use charges that have not been paid, the administrative mechanism for such challenge is the abatement procedure set forth in G.L.c. 40, §§42A-I. Epstein v. Executive Secretary of Board of Selectman of Sharon, 22 Mass.App.Ct. 135, 137 (1986). However, the abatement procedure set out in that statute applies only to unpaid charges. Id. A customer who has paid its water bills “would fit uneasily within the framework of G.L.c. 40, §§42A through 42F.” Id. Because Flatley here challenges paid bills, and the City has not demonstrated that an administrative resolution of Flatley’s unpaid bills would provide Flatley with the remedy it seeks as to the paid bills,[3] I find the City’s exhaustion argument unpersuasive. The City has simply failed to point to any administrative mechanism by which Flatley could, but has failed to, challenge its paid water and sewer use bills.
Although not raised by the parties, a matter of concern to the court here is the ripeness of this action. Under the administrative scheme just discussed, Flatley may challenge its unpaid water and sewer use bills by applying for an abatement with the board having control of the water department and, if such petition for abatement is denied, by appealing to the Appellate Tax Board. G.L.c. 40, §42E, Epstein, supra, 22 Mass.App.Ct. at 136-37. Flatley plans to seek relief from the unpaid charges through these means. As a result, it is likely that the administrative bodies which will be hearing Flatley’s challenge to the unpaid bills will consider the same substantive issue raised in this case — i.e. whether the City’s water rate scheme as applied to Flatley’s apartment buildings is permissible.
Under the doctrine of ripeness, this court is wary of deciding an issue pending before a specialized administrative body having expertise and jurisdiction in the matter, until such time as that body has been allowed to pronounce its final interpretation on the issue. See generally, Abbott Laboratories v. Gardner, 387 U.S. 136 (1967). This court is hesitant to make a determination as to the validity of Malden’s water rates before the relevant administrative bodies have had the opportunity to consider the question. However, it is not clear that the administrative bodies hearing Flatley’s challenge to the unpaid bills could or would make a decision that would be retroactively applicable to the paid bills. Nor is it clear that either board would be limited to the deferential review of the Commissioners’ rate setting which is appropriate in this court action. *615 For these reasons, the court finds it proper to consider the limited question of whether Flatley has demonstrated that the City’s rate scheme is unreasonable or impermissibly discriminatory. Flatley is free to raise any other challenges it has to the rates in the aforementioned proceedings.
2. Validity of the City’s Water Rate Charges
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Malden’s public works commission has the authority to set water and sewer rates for the City. St. 1954, c. 384 as amended by St. 1983, c. 541. As the plaintiff concedes, the City’s commissioners have considerable discretion in determining the methods of fixing prices or rates related to the use of water. Henry B. Byors & Sons, Inc. v. Board of Water Commrs. of Northborough, 358 Mass. 354, 358 (1970), accord Board of Public Works of Millis v. Aron, 387 Mass. 830, 832 n. 1 (1983). This discretion is not unlimited, but must be reasonable and fair. Henry B. Byors & Sons, Inc., supra, 358 Mass. at 358. The party challenging the water rates as unreasonable and discriminatory has the burden of proof as to such allegations. Id. at 359. “(DJiscrimination of rates is permissible, within reasonable limits, except as between customers who receive the same service under the same conditions. This is especially true in cases of water, gas and like companies, where a different rate may be made per unit of service to large users, or to persons making different uses of the service . . .” Brand v. Water Commissioners of Billerica, 242 Mass. 223, 227 (1922).
The only question before me is whether, given the City’s considerable discretion in setting water rates, Flatley has demonstrated that Malden’s rate scheme is unreasonable or impermissibly discriminatory. I find that it has not.
First, as stated in Brand, discrimination of rates is especially permissible, and is within “reasonable limits,” in the situation where a city charges different rates to heavy users of resources like water. That is the exact situation before the court. Like other Malden water users, Flatley is charged higher rates for its water use if its water use exceeds certain levels.
Second, Flatley has not demonstrated that the City is charging different rates for the same use under the same circumstances. As to the City, it is Flatley, and not its tenants, who is the water consumer or user. Flatley is clearly a heavy water user. In addition, Flatley distributes the water it receives to hundreds of tenants who assumedly pay it in some way for this service. See Board of Public Works of Millis v. Aron, 374 Mass. 246, 248 n. 1 (1978) (“it [is] a fair inference that water charges, like other costs of housing, are ultimately paid by the residents”). Flatley’s water use is markedly different than that of single-family residents in these two respects. Under Brand and Henry B. Byors & Sons, Inc., Flatley may therefore be charged different rates than lesser users.
Further, even if the apartment residents, rather than Flatley itself, were to be considered the consumer or user for such a comparison of uses, Flatley has failed to demonstrate that the residents receive “the same service under the same conditions” as residents of single-family residences. The apartment residents have no individual liability to the City for water use, but rather, receive their water from their landlord who acts, in a sense, as a distributor to the tenants. In addition, the tenants do not pay for their actual use of water as do residents of single-family homes. Rather, it may be assumed that some standard charge for the use of water is passed on to the tenant through the owner’s rental charges. See Aron, supra, 374 Mass. at 248 n. 1. Under these circumstances, Flatley has not demonstrated that its tenants receive the “same service under the same conditions” as residents of single-family homes.
For the reasons discussed, Flatley is unable to demonstrate that the City’s rate scheme is unreasonable or impermissibly discriminatory. Whether Mal-den could implement a water rate system that would be more equitable or efficient is simply not the question before the court. Because there are no material facts in dispute and the only issue which on which my resolution of this matter rests is one of law, summaiy judgment for the defendant is appropriate. Mass.R.Civ.P. 56(c).
ORDER
For the reasons stated herein, it is hereby ORDERED that the plaintiff Thomas J. Flatley d/b/aThe Flatley Company’s motion for summary judgment is DENIED, defendant City of Malden’s request for judgment under Mass.R.Civ.P. 56(c) is GRANTED, and judgment is to ENTER for the defendant City of Mal-den.

 The defendant bases this request for judgment on its argument that the plaintiff has failed to exhaust its administrative remedies. As explained below, my grant of judgment in its favor is not grounded in this argument.

 Whether or not there are certain isolated commercial uses in the thirteen apartment buildings is immaterial to my decision.

 A1 though Malden’s counsel stated in the summary judgment hearing that if a resolution favorable to Flatley was reached as to the unpaid charges, he believed that the City would make some sort of adjustment to the unpaid bills, I do not find such a statement of belief, without more, to constitute an available administrative remedy as to the paid charges.