Crimmins, J.
This appeal raises the issue of whether the Court erred in granting plaintiff’s motion for summary judgment on an action for money had and received and converted, when the plaintiff paid a rent installment on the mistaken belief it was due as owing, when in fact it had already been paid.
We find no error.
The facts are as follows:
The defendants owned property that was leased to the plaintiff. Plaintiff’s employees (Mr. & Mrs. Stephen Howard) established residence at the premises. Defendant, William Flynn, instructed Mrs. Howard to deposit the rental payment for the three-month period commencing July 1993 into the Flynn’s bank account, which she did. Unbeknownst to the Flynns and to Mrs. Howard, plaintiff had already made the payment for the same time period. Plaintiff paid the quarterly rental payment for the three-month period, October 1993 through December 31, 1993. On or about October 15,1993, Mr. & Mrs. Howard purchased the premises *174 from the defendants. At the closing for the premises, no adjustments were made for the prepaid rent for the period October 16,1993 through December 21,1993.
Plaintiff sued for the overpayment.
The trial judge granted the plaintiffs motion for summary judgment. Defendants argue that plaintiffs claim to a refund of the rental payments is barred by the doctrine of “Claim of Right.” “Where a person with full knowledge of all the circumstances, pays money voluntarily, under a claim of right, he shall not afterwards recover back the money so paid. To avoid application of the rule in this case, it must appear that the plaintiff was compelled by duress of his person or goods to pay the same.” Defendants argue that Mrs. Howard had unlimited opportunity to inform herself of the facts and failed to do so; consequently her error that she believed that she owed the rent was one of law and not of fact.
An action for money had and received will lie where the defendant has received money or its equivalent, which in equity and good conscience belongs to the plaintiff. Blue Cross of Massachusetts, Inc. v. Travaline, 398 Mass. 552, 588, 499 N.E.2d 1195, 1199 (1986). The Flynns are not entitled to retain Cookson’s money in excess of what was owed to them. To do otherwise, would result in unjust enrichment to the Flynns at Cookson’s expense. Generally, under a claim of right defense, if a person voluntarily pays money with knowledge of all the facts of a situation, that person cannot recover the money. A person, however, can recover money paid if, at the time of the payment, the person was not aware of all the facts. On July 12,1993, when Mrs. Howard made the overpayment, she was under the mistaken belief that Cookson had not made the rental payment for the period commencing July 1993. Common sense would dictate that if Mrs. Howard and Cookson had knowledge of all the facts, they would not have made the overpayment. Thus, the Flynns’ claim of right defense is without merit because the Flynns have failed to establish an essential element of the defense - that Cookson and the Howards had knowledge of all the facts. Since both Cookson and the Howards did not have full knowledge of all the facts, the doctrine of claim of right is inapplicable as a matter of law. It is well settled that money obtained under a mutual mistake of fact, without any intention on the part of the defendant to cheat or defraud, may be recovered back as having been received to the plaintiff’s use. Montgomery Door & Sash Co. v. Atlantic Lumber Co., 206 Mass. 144, 155 (1910). Even if one were to assume that the plaintiff was somehow negligent in making the overpayment by not properly investigating the matter prior to payment, the plaintiff would not be barred from recovery. Nor is it necessary to prove that the defendants received the overpayment with knowledge that payment had already been made.
Plaintiff's claim is not barred by the doctrine of merger by deed because Cook-son was not a party to the purchase and sale agreement wife fee defendants, and was not fee party who accepted fee deed from fee defendants. Therefore, fee defense of merger by deed is inapplicable.
For all the above reasons, we find no error and fee appeal is dismissed.