Brennan, J.
Plaintiff James M. Knott, Sr. (“Knott”), paid a total of $21,174.00 for two building permits issued by the defendant, Town of Northbridge (the ‘Town”). Based on nothing more than his personal opinion that the dollar amount of the permit fees was unreasonable, and without having first sought any available local, administrative or judicial determination of that issue, Knott filed this action in the Uxbridge District Court to recover the alleged “difference” between the permit fees charged and the “reasonable cost of issuing” the permits. The court allowed the Town’s Mass. R. Civ. P, Rule 12(b) (1), motion to dismiss for lack of subject matter jurisdiction, and this Dist/Mun. Cts. R. A. D. A, Rule 8C, appeal by Knott followed.
1. Knott endeavors to characterize this suit as a straightforward civil action for money damages within the G.L.c. 218, §19 statutory jurisdiction of the District Courts. However, his complaint specifically seeks recovery of the alleged “unlawful portion” of the building permit fees charged by the Town in what Knott claims was a violation of G.L.c. 40, §22F. That statute provides, in pertinent part:
[A]ny municipal board or officer empowered to issue a license, permit, certificate, ... may, from time to time, fix reasonable fees for all such licenses, permits or certificates issued pursuant to statutes or regulations wherein the entire proceeds of the fee remain with such issuing city or town ..., provided, however, that in the case of a board or officer appointed by an elected board, the fixing of such fee shall be subject to the review and approval of such elected board.
Nothing in the statute affords an individual a right of action for an alleged violation of its terms. Nor does the statute vest the District Court with jurisdiction either to award damages for such violation, or, more significantly, to adjudicate the necessary, preliminary question of the reasonableness of license or permit fees set by the municipality. The only case cited by Knott in support of his G.L.c. 218, §19 argument, Epstein v. Executive Secretary of the Board of Selectmen of Sharon, 22 Mass. App. Ct. 135 (1986), is thus inapposite. The plaintiff therein brought an action in the District Court to recover payments of municipal water charges which exceeded actual usage as measured by the plaintiffs water meter. The right to recover such overpayments was expressly created by G.L.c. 40, §391. The Appeals *136 Court held that the plaintiff was entitled to proceed in the District Court to vindicate that specific statutory right to recover money damages. Id. at 137. Further, Epstein did not involve any District Court challenge to the legality or reasonableness of the water rates established by the defendant. See Flatley v. City of Malden, 40 Mass. App. Ct. 38 (1996) (Appeals Court affirmed Superior Court declaratory judgment as to reasonableness of city water rates); Morton v. Hanover, 43 Mass. App. Ct. 197 (1997) (Superior Court suit for declaratory relief to contest Town water rate surcharge).
2. Nor is there any merit in Knotf s contention that his challenge to the reasonableness of the building permit fees amounts to a common law claim for assumpsit or money had and received -within the jurisdiction of the District Courts. Such a claim will lie only where there is money which should not in justice be retained by the defendant and which in “equity and good conscience” should be paid to the plaintiff. Blue Cross of Massachusetts, Inc. v. Travaline, 398 Mass. 582, 588 (1986). Thus an action for money had and received is appropriate to recover a payment made by mistake, Cookson Group v. Flynn, 1997 Mass. App. Div. 173; or money obtained through fraud or misrepresentation, Evatt v. Willard D. Martin, Inc., 302 Mass. 414, 417 (1939). Those circumstances are not operative in this case. We note that in Chilton Club v. Commonwealth, 323 Mass. 543 (1949), the Supreme Judicial Court characterized the petitioners’ action to recover meals tax payments made under protest and demanded “without warrant of law” as in the nature of a claim for money had and received. The Court limited its holding, however, to the “peculiar facts” of the case. Id. at 549. Chilton Club is, in any event, factually distinguishable from the present case because there is no question herein as to the Town’s legal right to demand and collect fees for building permits.
3. The permits in this case indicate on their face that they were issued to Knott pursuant to the State Building Code, which authorizes a municipality to establish “by approved rules” a schedule of fees for building permits, 780 CMR 114.3, and to require payment of permit fees in accordance with that schedule. 780 CMR 114.3.1. A right to appeal to the State Building Code Appeals Board is provided by G.L.c. 143, §100 to any person “aggrieved by an interpretation, order [or] requirement ... [of] any person or state or local agency charged with the administration or enforcement of the state building code or any of its rules and regulations. ...” Underlying the Code and its administrative scheme was the Legislative intent to create consistent construction standards throughout Massachusetts, and to provide both a uniform enforcement procedure and an exclusive appeals procedure. Shriners’ Hospital for Crippled Children v. Boston Redevelopment Auth., 4 Mass. App. Ct. 551, 560-561 (1976). Because the State Building Code Appeals Board is a state agency within the purview of the Administrative Procedures Act, Rinaldi v. State Building Code Appeals Board, 56 Mass. App. Ct. 668 (2002), judicial review of any adjudication by the Board as to the reasonableness of permit fees would be available in the Superior Court pursuant to G.L.c. 30A, §14(1). Nothing in the State Building Code legislative or regulatory scheme permits either a District Court determination in the first instance, of tire reasonableness of a permit fee, or District Court review of a municipal or agency resolution of.that issue.[1]
4. Included in the appendix is a letter from the Town Manager to Knott indicating that the fees for the building permits would not be waived or reduced, and that no permit would be issued in the absence of full payment. Knott’s complaint in this *137 action for recovery of a portion of the permit fees paid is, as a practical matter, an attempt to obtain District Court review and reversal of the Town’s ruling. Neither Knott, nor the Town, has introduced any evidence of Town by-laws or ordinances relevant to procedures available for reviewing the Town’s permit orders. Judicial notice cannot be taken of municipal ordinances or by-laws. Trustees of Stigmatine Fathers, Inc. v. Secretary of Adm. & Finance, 369 Mass. 562, 568 (1976); Boulter Bros. Constr. Co. v. Zoning Board of Appeals of Norfolk, 45 Mass. App. Ct. 283, 284 n.2 (1998). We note only that if an appeal of the Building Inspector’s or Board of Selectmen’s permit decision could have been appealed to a local zoning board of appeals, see G.L.c. 40A, §8; Richardson v. Zoning Board of Appeals of Framingham, 351 Mass. 375, 380 (1966), Knott’s failure to have pursued that administrative remedy in compliance with the procedural requirements of the applicable Town by-law and G.L.c. 40A would have amounted to a waiver of his right to judicial review. See Fitch v. Board of Appeals of Concord, 55 Mass. App. Ct. 748, 753 (2002); Balcam v. Town of Hingham, 41 Mass. App. Ct. 260, 263-264 (1996).
4. Given the absence of any administrative review of the Town’s permit decisions and fee schedules,-the Town correctly argues that Knott is effectively seeking a determination of his rights under'G.L.c. 40, §2'2F and that his complaint must thus be considered one for declaratory relief. Such relief is governed by G.L.c. 231A, §1, which provides:
The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby... whether any consequential judgment or relief is or could be claimed at law or in equity or not. ...
Section 2 of G.L.c. 231A provides that declaratory relief may be sought in the Superior Court “to obtain a determination of the legality of the administrative practices and procedures of any municipal, county or state agency or official” which are unlawful and recurring. The provisions of G.L.c. 231A have been properly invoked to determine the validity of the amount or imposition of municipal and local fees, Emerson College v. City of Boston, 391 Mass. 415 (1984) (fire protection fees); Silva v. City of Fall River, 59 Mass. App. Ct. 798 (2003) (burial permit fees); Greater Franklin Developers Ass’n. v. Town of Franklin, 49 Mass. App. Ct. 500 (2000) (“school impact” fees), as well as the necessity and amount of building permits. Greater Lawrence Sanitary Dist. v. Town of North Andover, 439 Mass. 16 (2003); Perini Corp. v. Building Inspector of North Andover, 7 Mass. App. Ct. 72 (1979).[2] At the time this action was commenced, the District Court had no declaratory judgment jurisdiction.[3]
Dismissal affirmed.
So ordered.

 Pursuant to G.L.c. 143, §58, the District Court has concurrent jurisdiction with the Superior Court of proceedings at law only under §§3-52 of G.L.c. 143.

 Relief pursuant to the declaratory judgment statute may be unavailable, however, where the plaintiff has failed to pursue and exhaust administrative remedies. Goldman v. Planning Board of Burlington, 347 Mass. 320, 325-326 (1964); but see Marlborough Sav. Bank v. City of Marlborough, 45 Mass. App. Ct. 250, 252 (1998).

 This action was filed prior to the August 31, 2004 effective date of St. 2004, c. 252, which amended G.L.c. 218, §19C to expand the powers and jurisdiction of the District Court with regard to declaratory judgments in civil actions for money damages under G.L.c. 218, §19.