DOMINIC STRAZZULLA *vs.* BUILDING INSPECTOR OF WELLESLEY & another.

Norfolk.   April 7, 1970. — June 16, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Zoning*, Sign, Special permit.

Under G. L. c. 40A, § 2, a town was authorized to regulate the location, size, color, material, and informational content of "accessory" signs on private property indicating the person occupying the premises or the business transacted thereon; under § 5 to specify the conditions necessary for or limitations on changes in nonconforming signs; and under § 3 to provide that preëxisting, nonconforming signs should "not be . . . reworded . . . redesigned or altered in any way unless . . . brought into conformity" with the existing zoning by-law. [697]

Under a section of a town's zoning by-law regulating signs and intended to bring them into some pattern of uniformity and to phase out nonconforming signs, and a provision thereof authorizing the board of appeal to grant a special permit for a nonconforming sign if the board determined that a particular sign would be "in harmony with the general purpose and intent" of the section, a decision by the board, denying a special permit to alter the words on a preëxisting, nonconforming sign on the roof of a building by substituting words which would not include the name of a former owner of the cleaning and laundry business carried on there, was not arbitrary or capricious or based on an untenable legal ground and must be upheld. [698]

BILL IN EQUITY filed in the Superior Court on June 4, 1964.

The suit was heard by *Kalus, J.*

*John M. Mullen* (*Roland Gray, III,* with him), for the defendants.

*Mark E. Gallagher* for the plaintiff.

*Harry E. Warren,* Town Counsel, joined in a brief.

SPALDING, J.   This is a bill in equity by way of appeal from a decision of the board of appeal of Wellesley (board) refusing the plaintiff a special permit to reword a sign lo-

cated on his premises. The judge made findings of material facts. The evidence is reported.

The facts, which are undisputed, may be summarized as follows. The plaintiff had operated a cleaning and laundry business at 181 Linden Street, Wellesley (a business district), until he sold the business in 1963 to one Wright. An oval sign, four by twelve feet, which had been erected over the roof of the business, had been relettered by the purchaser to read, "Wright's Laundry & Dry Cleaners." On January 1, 1964, due to Wright's failure to meet his financial obligations under the agreement of sale, the plaintiff repossessed the business. At that time he filed an application for a permit with the town building inspector to reletter the sign, "Linden Cleaners–Shirts–Laundry–Storage." The building inspector refused the permit on the ground that the zoning by-law prohibited any alteration of a nonconforming sign, which this sign was, since it was constructed before the adoption of the by-law. On application to the board for the special permit, it was denied after hearing. On August 30, 1966, the plaintiff, having removed the word "Wright's" from the sign, again requested a permit from the building inspector to alter the sign as previously requested. The permit was refused, and the plaintiff again applied to the board for a special permit, which again was denied. The plaintiff brought this bill in equity by way of appeal under G. L. c. 40A, § 21, from the board's decision.

In 1968 the "plastic face" of the sign was blown away leaving the steel frame and electrical connections exposed. The plaintiff, notwithstanding the board's previous decision, had the plastic facing replaced with the new lettering "Linden Cleaners, Shirts, Laundry, Storage." In the Superior Court a decree was entered annulling the decision of the board and adjudging that the plaintiff was not in violation of the zoning by-law in having relettered the sign as he did.[1] From this decree the defendants appealed.

---

[1] The judge rested his decision on the grounds (1) that the by-law involved was invalid, and (2) that in any event the board's refusal of the permit was "arbitrary, capricious and illegal."

A committee appointed at the 1961 town meeting to study the regulation and control of advertising signs concluded that special regulation of signs was needed, including "the prohibition of any roof signs." To the zoning by-law was added in 1963 § XXIIA including an article regulating "accessory signs." [2] The regulations required such a sign to be parallel or perpendicular with a wall of the building, but "shall not project . . . above the top of the wall to which it is attached. Roof signs are not permitted. . . ." Nonconforming signs legally erected prior to the adoption of that section (the sign in question) "may be continued to be maintained but shall not be . . . reworded . . . redesigned or altered in any way unless it is brought into conformity. . . . The exemption herein granted shall terminate with respect to any sign which . . . shall have been abandoned." Part E of § XXIIA authorizes the board to grant a special permit for a sign not complying with the foregoing provisions if it determines that the sign will be in harmony with the general purpose and intent of § XXIIA, and will not be injurious to the neighborhood or to traffic and safety conditions, or otherwise detrimental to the public safety and welfare.

The gist of the defendants' argument is that the sign by-law was valid by virtue of powers granted by G. L. c. 93, § 29, and G. L. c. 40A, §§ 2 and 3, and art. 89 of the Amendments to the Massachusetts Constitution. They argue further that the denial of a special permit to alter the sign was, in the circumstances, justified and within the board's powers.

. There can be no doubt now that advertising on private property may be regulated and restricted by statute. Article 50 of the Amendments to the Massachusetts Constitution. *General Outdoor Advertising Co. Inc.* v. *Department of Pub. Works*, 289 Mass. 149, 158–161. And it is

---

[2] An accessory sign is defined in Part B of § XXIIA as any sign that advertises or indicates "the person occupying the premises or the business transacted on the premises . . . and which contains no other advertising matter."

within the General Court's power to delegate this regulatory authority to a State agency or the municipalities as it deems appropriate. *Milton* v. *Donnelly,* 306 Mass. 451, 455. This court has held that the antecedent statute to the present c. 40A, § 2, c. 40, § 25, which delegated authority to municipalities to enact zoning ordinances or by-laws, was broad enough to permit the regulation of professional signs on residential premises. *Lexington* v. *Govenar,* 295 Mass. 31, 36.

Likewise we believe that the present statutory language authorizes a town to regulate signs erected on private property.[3] Chapter 40A, § 2, permits regulation by zoning ordinance or by-law of "the location and *use of* buildings, *structures* and land for trade . . . or other purposes . . . . [W]ithin [particular] districts . . . [the zoning ordinance or by-law] may regulate and restrict the erection, construction, *reconstruction, alteration* or use of buildings, and *structures,* or use of land . . ." (emphasis added). We are of opinion that Wellesley is authorized by this language to regulate the location, size, color, material, and informational content of a sign such as this "accessory sign." And reading this language in conjunction with c. 40A, § 5, which authorizes a municipality to regulate nonconforming structures "so as not to unduly prolong the life of non-conforming uses," we are convinced that Wellesley has the power to specify the conditions necessary for or limitations on changes in a nonconforming sign. Finally, the prohibition contained in § XXIIA against changes in nonconforming signs unless they conform to the by-law requirements would appear designed "to conserve the value of land and buildings; to encourage the most appropriate use of land . . . [in the town]; and to preserve and increase its amenities," purposes included in c. 40A, § 3, as appropriate objectives of zoning regulations.

---

[3] In view of this conclusion, it is unnecessary to decide whether art. 2 of the Amendments to the Constitution, as amended by art. 89, commonly called the Home Rule Amendment, obviates the necessity for such enabling legislation.

We turn to the issue whether the board acted in accordance with the enabling act and the zoning by-law. Neither c. 40A, § 4, nor § XXIIA of the by-law gives a landowner an absolute right to a special permit for a nonconforming use. Part E of that section authorizes the board to grant a special permit for a nonconforming sign "if it determines that the particular sign will be in harmony with the general purpose and intent of this section . . . ." However "[t]he board is not compelled to grant a permit. It has a discretionary power. . . . The decision of the board can be disturbed only if it is based on 'a legally untenable ground' . . . or is 'unreasonable, whimsical, capricious, or arbitrary.'" *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277. *Zaltman* v. *Board of Appeals of Stoneham, ante,* 482, 484–485.

In its November 15, 1966, decision, the basis of this appeal, the board denied the plaintiff's request because to do otherwise "would derogate from the general purpose and intent of Section XXIIA of the Zoning By-law." Such a conclusion is not unreasonable since the purpose of that section is to bring signs into some pattern of uniformity and to phase out nonconforming signs. It was open to the board to conclude that the allowance of the plaintiff's application would have been a subversion of that policy. We are of opinion that, contrary to the conclusion of the trial judge, the board's decision denying the special permit was not arbitrary or capricious, nor was it based on an untenable legal ground.

The final decree is reversed and a decree is to be entered that the decision of the board is within its authority; that no modification of its decision is required; and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board.

*So ordered.*