RICHARD L. FOX *vs.* BOARD OF APPEALS OF AYER & another. March 24, 1982. The board, the judge who sat in the Superior Court, and we are all in agreement that the 1972 zoning by-law does not authorize the use of land in an industrial zoning district for the construction of an apartment house complex, either as of right or pursuant to a special permit. 1. The plaintiff's reading of the first sentence of art. V, § 2, of the by-law (A) ignores the location of that sentence in the general structure of the by-law, (B) would render superfluous the ensuing provisions of art. V, §§ 2(a)(3) and 3(a)(8), and (C) would frustrate the whole purpose of dividing the town into five distinct types of zoning districts. 2. His reading of art. V,

§ 4(b)(2), (A) effectively ignores the provisions of art. V, § 4(a), (B) would render superfluous the immediately preceding provisions of art. V, § 4(b)(1), and (C) would violate the firmly established rule of law that special permits cannot be issued except for uses which are "in harmony with the general purpose and intent of the [zoning] ordinance or by-law." See G. L. c. 40A, § 4, as in effect prior to St. 1975, c. 808, § 3; G. L. c. 40A, § 9, first par., as appearing in said § 3; *Wrona* v. *Board of Appeals of Pittsfield*, 338 Mass. 87, 88-89 (1958); *Woods* v. *Newton*, 351 Mass. 98, 102-103 (1966); *Strazzulla* v. *Building Inspector of Wellesley*, 357 Mass. 694, 696, 698 (1970), cert. denied, 400 U.S. 1004 (1971); *Kiss* v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 153-154 (1976). The judgment of the Superior Court is to be modified by striking out (as superfluous and possibly misleading) the second paragraph thereof and, as so modified, is affirmed.

*So ordered.*

*John K. Britt* for the plaintiff.
*Robert W. Gardner, Jr.,* Town Counsel, for the defendants.