JOSEPHINE M. GAGE, trustee,[1] *vs.* TOWN OF EGREMONT.

Suffolk. November 5, 1990. - February 19, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Zoning*, Special permit, Validity of by-law or ordinance. *Egremont.*

The zoning by-law of Egremont adequately describes certain types of uses of property for which the planning board may issue special permits; however, the by-law authorization for special permits for "[a]ny other use determined by the Planning Board and not offensive or detrimental to the neighborhood" is not sufficiently specific, i.e., is too broad, to be valid under the provisions of G. L. c. 40A, § 9. [349]

CIVIL ACTION commenced in the Land Court Department on July 5, 1989.

The case was heard by *Marilyn M. Sullivan*, J., on motions for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Bart J. Gordon* (*Dennis J. Downing* with him) for the defendant.

*William L. Cohn* for the plaintiff.

*F. Sydney Smithers, IV, & Sarah H. Bell*, for Berkshire County Regional Planning Commission, amicus curiae, submitted a brief.

WILKINS, J. The plaintiff landowner sought a declaration from the Land Court concerning the lawfulness of provisions in the zoning by-law of the defendant town that purported to bar the use of any land in the town for retail business or service purposes unless authorized by a special permit

---

[1]Of the Tag Realty Trust.

granted by the town's planning board.[2] On cross motions for summary judgment, a judge of the Land Court ruled that the town's zoning by-law which, speaking generally, permitted only residential uses in the town as of right and all other uses only if the planning board granted a special permit, violated G. L. c. 40A (1988 ed.). The judgment declared only that the special permit provisions of the by-law were invalid and left intact the provisions that limited uses of land in the town to residential purposes. The town appealed.[3] We granted direct appellate review.

Aside from an overlay floodplain zone, the town is zoned for residential uses in two districts: one, in which the plaintiff's land lies, is a general residential district, and the other is a special district, known as the Jug End residential district. In the general residential district, beyond uses that must be permitted by statute (G. L. c. 40A, § 4), Egremont allows as of right: a one-family dwelling; a two-family dwelling; home occupations in certain circumstances; and roadside stands. Certain other uses are permitted under § 4.3 of the zoning by-law by special permit from the planning board. These uses are multi-family dwellings (§ 4.3.1.1); retail business or consumer service establishments (§ 4.3.1.2), and "[a]ny other use determined by the Planning Board and not offensive or detrimental to the neighborhood" (§ 4.3.1.3). The judgment ruled invalid all of § 4.3 and thus eliminated all rights to the special permit uses we have just listed.

The motion judge reasoned that the Egremont by-law violated the uniformity provisions of G. L. c. 40A, § 4, and that the planning board's discretion to grant special permits was too broad to meet the requirements of G. L. c. 40A, § 9. The

---

[2]The proceeding seeks a declaratory judgment pursuant to G. L. c. 240, § 14A (1988 ed.). In such a case, a landowner is entitled to a decision on the applicability of zoning provisions to her land without regard to the existence of a controversy or the right otherwise to declaratory relief. *Harrison* v. *Braintree*, 355 Mass. 651, 654 (1969).

[3]The landowner has not appealed. The Land Court judgment may not have aided the landowner because, with the special permit provisions alone struck, the landowner has no right to use her land for commercial purposes under any circumstances.

judge relied on *Smith* v. *Board of Appeals of Fall River*, 319 Mass. 341 (1946), and the Appeals Court opinion in *SCIT, Inc.* v. *Planning Bd. of Braintree*, 19 Mass. App. Ct. 101 (1984). Although we agree with the motion judge that authority to grant a special permit for "[a]ny other use [i.e., not a multi-family or retail commercial use] determined by the Planning Board" exceeds permissible statutory limits, the special permit authorization for "multi-family dwellings" and for "retail business or consumer service establishments" in the general residential district is not unlawful on its face.

*Smith* v. *Board of Appeals of Fall River*, *supra* at 344, concerned an ordinance describing relatively specific special permit uses but lacking standards to guide the city's special permit granting authority. As we shall point out, the Egremont by-law has ample guiding provisions to instruct the planning board in deciding whether to issue a special permit. Since the *Smith* opinion, judicial attitudes have become more tolerant of the discretionary special permitting process. "The standards [for the guidance of a special permit granting authority] need not be of such a detailed nature that they eliminate entirely the element of discretion from the board's decision. It would be difficult, if not impossible, to forsee and specify, by ordinance or by-law, every circumstance or combination of circumstances under which special permits should be granted or withheld. 'The degree of certainty with which standards for the exercise of discretion are set up must necessarily depend on the subject matter and the circumstances.' *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114, 118 [1955]." *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 638 (1970).

The reasoning of *SCIT, Inc.* v. *Planning Bd. of Braintree*, *supra* at 101, is consistent with the views we express in this opinion and does not support the landowner's broad challenge to the special permit provisions of the Egremont zoning by-law. In that case, one portion of the zoning by-law purported to authorize certain uses in business districts, while another portion of the by-law purported to make all uses in business districts subject to the grant of a special permit. *Id.*

at 106-107. The Appeals Court invalidated the special permit provision because G. L. c. 40A did not allow a municipality to make "*all* uses in a business district conditional on the issuance of a discretionary special permit" (emphasis in original). *Id.* at 101. The wide discretion that the by-law gave to the board of appeals to allow or forbid any business use in the zoning district was contrary to the underlying assumption of G. L. c. 40A, § 4, that a zoning by-law must permit at least one use in each zoning district as a matter of right. *Id.* at 107. Moreover, the statutory provision (G. L. c. 40A, § 9) that special permits are to be "granted only for uses specifically authorized" would not justify a by-law in which not even one use was generally authorized in a zoning district and all uses required a special permit. *Id.* at 109-110.

Egremont is a rural town in the Berkshire hills. Its voters decided that the town would have a single zoning district (except for one special residential district) in which, in addition to uses permitted by statute (G. L. c. 40A, § 4), single family and two-family uses would be allowed as a matter of right and certain other uses would be permitted if the planning board were to issue a special permit. We see no violation of G. L. c. 40A, § 4, in such a provision, provided that it adequately defines the uses that may be specially permitted and satisfies other statutory conditions. Section four does not direct that every municipality adopting a zoning by-law have more than one zoning district or that such a by-law permit business uses as of right in some part of the municipality. Once a use is generally authorized in a zoning district, § 9 of G. L. c. 40A allows the issuance of special permits, authorized pursuant to a town by-law (or city ordinance), for other specified uses, provided that certain standards and conditions are met.

There can be no serious question about the adequacy of the standards that the by-law requires the Egremont board of appeals to apply in passing on a request for a special permit. The board must find that the proposed use is in harmony with the general intent and purpose of the zoning by-law (see also G. L. c. 40A, § 9); is essential or desirable to the public

convenience or welfare; is not detrimental to adjacent uses or to the existing or planned future character of the neighborhood; will not create undue traffic congestion or unduly impair pedestrian safety; and will not overload any public water, drainage, or sewer facility.

The Egremont by-law adequately describes some but not all of the types of uses for which the planning board may issue special permits. The by-law authorization for granting special permits for multi-family dwellings and for "retail business or consumer service establishments" is sufficiently specific to satisfy the requirement of § 9 that such permits be authorized "for specific types of uses." We agree with the motion judge, however, that the authorization of special permits for "[a]ny other use determined by the Planning Board and not offensive or detrimental to the neighborhood" (§ 4.3.1.3 of the by-law) does not sufficiently define any "specific" type of use as § 9 requires and is, therefore, invalid. There is, however, no reason to strike as invalid more than the offending provision. The balance of the town's expression of the authority of the planning board to issue special permits is independent of the invalid provision. See *Del Duca* v. *Town Adm'r of Methuen*, 368 Mass. 1, 13 (1975). The judgment to be entered shall declare that § 4.3.1.3 of the Egremont zoning by-law is invalid. We have rejected the landowner's facial challenge to the zoning provision that permits new retail establishments in Egremont only on the granting of a special permit (§ 4.3.1.2), and the judgment shall state that § 4.3.1.2 is not facially invalid. We do not understand the landowner to be asserting the invalidity of the surviving special permit provisions on some theory we have not discussed. That question can be considered, however, on remand in the Land Court. The judgment and the order granting the plaintiff's motion for summary judgment and denying the town's motion for summary judgment are vacated.

*So ordered.*