Brassard, J.
The plaintiffs, Robert and Margaret Rittenhouse and the inhabitants of Hudson (“Hudson”) have brought this action pursuant to M.G.L.c. 249, §4 and M.G.L.c. 231A asking this Court to declare null and void the Attorney General’s decision of disapproval of Hudson’s Warrant Article 14 which was unanimously approved by town meeting members at the November 17, 1997 Hudson town meeting. Presently before the Court are the parties’ cross motions for judgment on the pleadings. For the reasons stated below, the Attorney General’s decision is declared null and void.
BACKGROUND
Plaintiffs Robert and Margaret Rittenhouse own a 34.4 acre parcel of land in the Town of Hudson. The land is located in an Industrial District, in which the permitted uses include:
“5.5.1. [b]uildings, structures and premises for industry and manufacturing.
5.5.1.2. In the M-5 District, single family dwelling and accessory uses customarily incidental to a permitted use on the same premises, and not detrimental to a residential neighborhood.
5.5.1.3 Agriculture, horticulture, floriculture or viticulture, provided that such uses are located on parcels containing at least five (5) acres.
5.5.1.4. Any use permitted or allowed by special permit or in a Residential or Commercial District subject to all the requirements and restrictions of that District except that multiple dwellings are prohibited." Administrative Record (“AR”) at 40.
Hudson Warrant Article 14 sought to create a Retirement Community Overlay District which would include the Rittenhouse land. On November 17, 1997, Hudson adopted article 14 as an amendment to the Town’s zoning by-laws. The article provides that “(b]es-ides those uses permitted in the underlying districts, a retirement community shall be allowed in a retirement Community Overlay District by special permit of the Board of Appeals pursuant to Section 8 of these by-laws, and subject to . . . conditions.” AR at 6. One condition required that the retirement community be constructed for individuals over the age of fifty-five “on one parcel or on contiguous parcels of land, totaling at least 30 acres." AR at 6. The overlay district was drawn on a “certain parcel of land located on the northerly side of Marlborough Street . . . owned by Robert N. & Margaret O. Rittenhouse . . .” AR at 7.
On February 18, 1998, the Attorney General disapproved article 14. A letter from the office of the Attorney General set forth the reasons for the disapproval and stated that the article failed to conform with G.L.c. 40A because the overlay district did not provide for at least one as of right use of property. The letter cited to SCIT, Inc. v. Planning Board of Braintree, 19 Mass.App.Ct. 101, 107-08 (1984), as support for the Attorney General’s disapproval of the overlay district amendment.
DISCUSSION
In the present case, the Attorney General had authority to approve or disapprove the amendment to the Hudson zoning by-laws, pursuant to G.L.c. 40, §32. This case is properly before this court on certiorari pursuant to M.G.L.c. 249 §4. “The purpose of an action in the nature of certiorari is ‘to correct substantial errors of law apparent on the record adversely affecting material rights.’ ” Police Commissioner of Boston v. Personnel Administrator, 39 Mass.App.Ct. 360, 362 (1995).
The Attorney General takes the position that the disapproval of the overlay district amendment is appropriate because the holding articulated in SCIT requires that every zoning district, including overlay districts, contain at least one as of right use. The Attorney General urges that the overlay district at issue here violates this principle because the by-law amendment creating the overlay makes all developments within the overlay subject to special permit requirements.
The plaintiffs assert that the Attorney General overstates the holding of SCIT. According to the plaintiffs, the overlay district amendment complies with the requirements of G.L.c. 40A and SCIT so long as the underlying zoning district contains at least one as of right use.
The Appeals Court has held that a zoning by-law providing that all uses in the district be dependent on the grant of a special permit is void for the reason that it violates M.G.L.c. 40A, §§4 and 9. SCIT Inc. v. Planning Board of Braintree, 19 Mass.App.Ct. 101 (1984); Prudential Ins. Co. of America v. Board of Appeals of Westwood, 23 Mass.App.Ct. 278 (1986). The principle stated in SCIT has been adopted by the Supreme Judicial Court in Gage v. Town of Egremont, 409 Mass. 345 (1991) (holding that a provision author *124 izing special permits for “[a]ny other use determined by the Planning Board and not offensive or detrimental to the neighborhood” does not sufficiently define any “specific” type of use as M.G.L.c. 40A, §9 requires and is, therefore, invalid).
The by-law amendment in Hudson can be distinguished from these cases in that the Hudson amendment provides that “Besides those uses in the underlying district, a retirement community shall be allowed . . .” The Hudson amendment does not make the as of right uses of the underlying district subject to the special permit process. Any land in the overlay district may be used in accordance with the as of right uses permitted in the underlying district and, therefore, the amendment does not violate the principles set forth in SCIT.
ORDER
It is hereby ORDERED that the Attorney General’s decision to disapprove Warrant Article 14 is DECLARED null and void.