Fecteau, J.

INTRODUCTION

The plaintiff in this matter, Apache Building and Development, Inc. (Apache), seeks a declaration by this court, interpreting a Town of Barre (Town) ByLaw. The by-law in question, Section IX, subsection (f), extends the exemption from newly enacted increases in area and width requirements allowed under G.L. 40A, §6 for ten years. Apache asks the court to declare that subsection (f) applies to all Definitive Subdivision Plans and Approval Not Required (ANR) *161 plans regardless of whether the original “grandfather” protection under M.G.L.c. 40A, §6 afforded said plans has expired. For the reasons stated below, the defendant’s motion to dismiss is ALLOWED.

BACKGROUND

The plaintiff, Apache Building and Development, Inc. is a Massachusetts corporation.
Apache owns property in the Chapman Road area of Barre, Massachusetts (Property). A portion of the Property is part of a subdivision plan filed and approved by the Town of Barre Planning Board (Board) on May 2, 1988. Another portion of the Property is part of an ANR plan dated August 5, 1988.
At the time of submission and approval of these plans, the Property was entirely within the R-40 Rural Residence portion of the Residence District, with dimensional requirements defined by the Town of Barre By-Laws, Section IX. At the time, the required minimum lot dimensions for this district was 40,000 square feet and the frontage required was 130 feet.
On June 9, 1997, the Town amended the by-laws, increasing the minimum lot dimensions to 80,000 square feet and 200 feet of frontage. This change in the by-laws amended Section IX and added a new subsection, subsection (f). Subsection (f) provides: “For definitive subdivision plans and approval not required (ANR) plans, the land shown on such plans shall be protected from increase in area and width requirements for an additional ten (10) years from the date of endorsement beyond that provided by M.G.L.c. 40A, §6, paragraphs 5 and 6, respectively.” Massachusetts General Law chapter 40A, §6, paragraphs 5 and 6, provides a safe harbor period, which allows an eight-year exemption from increase in area and width requirements where subdivisions are submitted and approved prior to an amendment of local by-laws.
The plaintiffs grandfather period under G.L.c. 40A, §6 ran out in 1996. The Town’s by-laws were not amended until 1997.
In October 1998, Apache met with the Board and discussed subsection (f) and its relation to the Property. During the meeting, there emerged a dispute over the interpretation of subsection (f). Apache believed that it was entitled to the extra ten-year exemption provided for in subsection (f) of the town by-laws. The Town believed that since the grandfather period under G.L.c. 40A, §6, as it relates to the Property, ran out in 1996, Apache did not get the benefit of the extra time provided for in subsection (f).
Apache brought this action for declaratory judgment, asking the Superior Court to declare: “Section IX, subsection (f) of the Town of Barre Zoning By-laws as amended applies to all definitive subdivision plans and ANR plans regardless of whether the original ‘grandfather’ protection under M.G.L.c. 40A, §6 afforded said plans has expired.” Apache also asks the court to declare that “the plaintiffs property shown on the modified subdivision plan dated August 29, 1995 is entitled to protection afforded by Section IX, subsection (f) of the Town of Barre Zoning By-laws as amended.” The Town now moves to dismiss the complaint.

DISCUSSION

Apache filed suit for declaratory judgment under G.L.c. 231A, § 1, asking the court to interpret a section of the Town of Barre’s Zoning By-Laws, in particular Section IX, subsection (f). Before the Superior Court may make a declaratory judgment under G.L.c. 231 A, §1, the plaintiff must show that there is an actual controversy. An actual controversy requires “a real dispute caused by the. assertion by one party of a legal relation, status or right in which he has a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjudicated such antagonistic claims will almost immediately and inevitably lead to litigation.” Dept. of Community Affairs v. Massachusetts State College Building Auth., 378 Mass. 418, 423 (1979). “It is not sufficient for the purpose of establishing an actual controversy for a plaintiff simply to find a defendant who disagrees on some point of law. A plaintiff must have standing, a definite interest in the matter in contention in the sense that his rights will be significantly affected by a resolution of the contested point.” Bonan v. City of Boston, 398 Mass. 315, 320 (1986).
Apache has not yet submitted its new plan to be acted upon by the Board. The Board has not yet denied any plan Apache has submitted. Rather, Apache was informed at a Board meeting that its interpretation of subsection (f) differed from the Board’s. This is not enough to put the matter in controversy. While the Board’s interpretation of subsection (f) has the capacity to restrict or limit the present or future use, enjoyment, improvement or development of Apache’s land, there is presently no actual controversy. The plaintiff is thus seeking an advisory opinion, upon facts that may change pending further application before the Board, and for other matters of a similar nature between the Board and parties unrelated to the matter at hand.
Jurisdictionally, the legislature has granted the Land Court the exclusive power to render advisory opinions in the area of interpretation of by-laws concerning zoning and planning board issues. Massachusetts General Law chapter 240, §14A allows declaratory judgment in cases where a landowner seeks a decision on the applicability of a zoning by-law to her land, without regard to the existence of a controversy or the right otherwise to declaratory relief. See G.L. 240, §14A. See also Gage v. Town of Egremont, 409 Mass. 345, 346 n.2 (1991). Where there is an actual controversy, seeking declaratory judgment in the Superior Court does not invade the exclusive jurisdiction of the Land Court under G.L.c. 240, §14A, *162 however, where there is no actual controversy, the Land Court’s jurisdiction is exclusive. See G.L.c. 185, §1(j1/2); Woods v. City of Newton, 349 Mass. 373, 377 (1965); Sisters of Holy Cross v. Brookline, 347 Mass. 486 (1964); DeMatteo Construction Co. v Board of Appeals of Hingham, 3 Mass.App.Ct. 446, 454 n.9 (1975). Because there is no actual controversy, the Land Court appears to be the proper venue for the plaintiffs request for an interpretation of the Town’s by-law.

ORDER

For the reasons stated, the defendant’s motion to dismiss is ALLOWED.